# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

vs.                                                             Civil No.   05-714 RB/RHS
                                                                 Crim. No.  04-648 RB

REBECCA ARAGON,

    Defendant / Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court on Ms. Aragon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), file-stamped June 27, 2005 **[Doc. 1]**.  The government filed a response to the Motion.  (See Respondent United States' Answer in Opposition to Petitioner's Motion ("Response") **[Doc. 6]**.) Movant is incarcerated and proceeding *pro se*.

    2.  On Jun 29, 2004, Ms. Aragon pleaded guilty to two criminal counts of the Indictment filed in Crim. No. 04-648 RB:  Count I - 21 U.S.C. Sec. 846, Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(A) and Count VI - 21 U.S.C. Sec 841(b)(1)(B), Distribution of 5 Grams and More of Methamphetamine, its Salts, Isomers, and Salts of its Isomers.  (See Plea Minute Sheet at 2, United States v. Aragon, (Crim. No. 04-648 RB) **[Doc. 35]**; Judgment in a Criminal Case ("Judgment") at 1, Aragon, **[Doc. 52]**.)  On November 15, 2004, she was sentenced to a total of 30 months of imprisonment.  (See Judgment at 2, Aragon.)  The Sentencing Court also recommended to the Bureau of Prisons ("BOP") that Ms. Aragon attend "Boot camp, if eligible." (Id.)  However, the BOP apparently abolished its Boot Camp program some time after Ms.

Aragon's sentencing hearing.  (See Motion at 5; Response at 3 (indicating that the Boot Camp program was terminated "after her sentencing hearing but prior to her surrender date to BOP").)

    3.   In her Motion, Ms. Aragon raises the following grounds for relief:

(I)      "Cancellation of Boot Camp program violated petitioner's due process and invalidated her sentence" (Motion at 5),

(II)     "Petitioner did not wa[i]ve her Sixth Amendment Rights[,]" pursuant to "the Booker and Fanfan cases" ( Motion to Amend Original Motion Under 28 USC § 2255 ("Attachment"), attached to Motion), and

(III)    The BOP's cancellation of the Boot Camp program, without offering Ms. Aragon an alternative program, violated due process and the Court's order (id.).

Ms. Aragon requests that the Court either re-sentence her "based on her original sentence minus the 6 months credit from Boot Camp" and/or "grant her time served."  (Motion at 5; Attachment.)

**Discussion**

*Ground I*

    4.   In ground I, Ms. Aragon argues that her sentence is invalid, presumably because the Sentencing Court relied on "material false assumptions as to any facts relevent [sic] to sentencing."  (Motion at 5 (citing United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970).)  Ms. Aragon contends that the Court sentenced her to 30 months of incarceration "under the assumption that the petitioner would serve 6 months in Boot Camp."  (Id.)  The government responds that the Sentencing Court knew that Ms. Aragon's acceptance into the Boot Camp program was not guaranteed and asserts that "the possibility of the defendant's participation in the boot camp did not impact in any way the sentence Judge Brack gave the defendant."  (Response

2

at 4.)[1]

5. Due process guarantees all defendants the right to be sentenced under an accurate understanding of the law and any facts relevant to sentencing. See generally United States v. Tucker, 404 U.S. 443, 447 (1972); Townsend v. Burke, 334 U.S. 736, 740-41 (1948). However, an error of law or fact must be fundamental in nature to render the entire sentencing proceeding invalid. United States v. Addonzio, 442 U.S. 178, 186 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also Malcolm, 432 F.2d at 816 ("Not every defect in the sentencing process . . . is of constitutional dimension.") (citations omitted).

6. In this case, the Court concludes that the Sentencing Court "did not rely on misinformation of a constitutional magnitude because the BOP always maintained the discretion to place [Ms. Aragon] in ICC [Boot Camp] after her sentencing." Tekletsion v. United States, 2006 WL 1752035, at *3 Civ. No. H-06-857, Cr. No. H-04-79-4 (S.D.Tex. Jun. 22, 2006) (citing United States v. Eakman, 378 F.3d 294 (3d Cir. 2004)) (only the Westlaw citation is currently available). Similarly, as did the sentencing court in Tekletsion, the Sentencing Court in this case "was aware that the BOP had ultimate discretion in its placement of prisoners . . . . [and] recommended [Ms. Aragon's] placement in ICC [Boot Camp] *if* the BOP determined she was eligible." Id. (emphasis in original). "Thus, the fact that the BOP has exercised its discretion to terminate ICC [Boot Camp] does not provide grounds for collateral attack under § 2255." Id. (citing Addonizio, 442 U.S. at 187).

---

[1]Specifically, the government noted that based on Ms. Aragon's offense level and criminal history category at the time of sentencing, the Sentencing Court "gave her the lowest sentence possible, the low end of the applicable guideline range [of 30 to 37 months]." (Response at 5 (citing Sentencing Transcript at 10).)

7. Moreover, nothing indicates that the Sentencing Court fundamentally relied on the continuing availability of the Boot Camp program in determining Ms. Aragon's sentence. Indeed, the record contradicts Ms. Aragon's allegation that the Sentencing Court "assumed" she would serve six months in a Boot Camp program. Rather, the record reflects that the Sentencing Court agreed to recommend the Boot Camp program, if Ms. Aragon was eligible and to the extent that the BOP found her qualified. (See Judgment at 2, Aragon; Sentencing Transcript at 8-9.)

8. Finally, Ms. Aragon does not dispute that, given her offense level and criminal history category, a sentence of 30 months represented the lowest possible sentence that the Sentencing Court could impose under the (pre-Booker) applicable guideline range. Thus, Ms. Aragon does not show that the Sentencing Court's alleged reliance on the availability of the Boot Camp program ultimately prejudiced her sentencing proceedings. Accordingly, relief based on ground I should be denied.

*Ground II*

9. In ground II, Ms. Aragon claims that the Sentencing Court "felt it was required to follow the Federal sentencing guidelines at the time of sentencing[,] [but that] . . . . [a]fter the Booker and Fanfan cases, this is no longer the case." (Attachment to Motion.) However, Ms. Aragon's apparent argument that the Court failed to comply with United States v. Booker, 543 U.S. 220 (2005) in mandatorily applying the Federal Sentencing Guidelines is unavailing.

10. The United States Court of Appeals for the Tenth Circuit has determined that Booker "does not apply retroactively on collateral review." United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005). The judgment in Ms. Aragon's criminal case was imposed on November 15, 2004. (See Judgment at 1, Aragon.) Ms. Aragon did not pursue a direct appeal. Thus, Ms.

Aragon's conviction became final ten days after her right to seek an appeal ended, on approximately December 1, 2004.  See FRAP 4(b)(1)(A).  The United States Supreme Court issued its decision in Booker on January 12, 2005, more than a month after Ms. Aragon's conviction and sentence became final.  Accordingly, relief based on ground II should be denied.

*Ground III*

11. In ground III, Ms. Aragon claims that the BOP "gave no consideration to her Judgement and the instruction of the [Sentencing Court's] Order which intended for her to be granted an earlier release date." (Attachment to Motion.)  In ground III, Ms. Aragon does not appear to challenge the validity of her sentence, but rather, the manner in which the BOP is carrying out her sentence.  As such, this claim is properly raised in a petition brought under 28 U.S.C. § 2241.[2]  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (explaining that a petition under § 2241 "attacks the execution of a sentence rather than its validity") (citation omitted).

12. A petition brought under § 2241 "must be filed in the district where the prisoner is confined."  Id. (citation omitted).  In her Motion, Ms. Aragon indicates that she is confined at Bryan Federal Prison Camp in Bryan, Texas.  Presuming that Ms. Aragon is still incarcerated in Texas, this Court has no jurisdiction to consider her motion under § 2241.  See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).  Accordingly, Ms. Aragon's claim pursuant to § 2241 should be dismissed without prejudice.

---

[2] "Although courts have been somewhat inconsistent in determining whether claims complaining of the BOP's ICC Program cancellation are cognizable under § 2241 or § 2255, the prevailing view seems to be that these cases are more properly brought under § 2241." Deanda v. Federal Bureau of Prisons, 2006 WL 696625, at *2 n.6 (S.D. Tex. Mar. 14, 2006) (only the Westlaw citation is currently available)

**Conclusion**

The Court concludes that Ms. Aragon is not entitled to any relief with respect to those claims properly raised in a motion pursuant to § 2255 (grounds I and II) and finds that such claims should be denied and this § 2255 proceeding dismissed with prejudice. To the extent that the claim presented in ground III is properly raised in a petition pursuant to § 2241, the Court finds that it should be denied and dismissed without prejudice so that Ms. Aragon may pursue relief in the appropriate judicial district.[3]

**Recommendation**

Accordingly, the Court recommends that Ms. Aragon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. 1]** be **denied** and that this civil proceeding be **dismissed with prejudice** except as specifically noted above.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[3] If Ms. Aragon chooses to re-file her petition under § 2241, she must do so in the judicial district where she is currently confined. See 28 U.S.C. § 2241(a).